**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0448, <u>John Doe v. City of Manchester & a.</u>, the court on October 9, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2). Defendant New Hampshire Attorney General's Office (AGO) appeals a decision of the Superior Court (<u>Anderson</u>, J.) concluding that, as a matter of law, the plaintiff's conviction for driving while intoxicated (DWI) does not constitute potentially exculpatory evidence for purposes of the Exculpatory Evidence Schedule (EES).  <u>See</u> RSA 105:13-d (2023).  We affirm.

I.      <u>Background</u>

The following facts are taken from the trial court's order or are otherwise supported by the record.  In 2020, while off duty, the plaintiff, who was employed by defendant City of Manchester (City) as a police officer, was arrested and charged with DWI in New York.  Two weeks later, he resigned and the City notified the AGO that the plaintiff should be placed on the EES. Subsequently, the plaintiff pled guilty to the New York charge.

Thereafter, the plaintiff filed suit, seeking his removal from the EES pursuant to RSA 105:13-d, II.  The defendants moved to dismiss.  Following a hearing, the trial court found that the plaintiff's conviction did not "constitute potentially exculpatory evidence for purposes of the EES" and, therefore, the plaintiff's name "must be removed from the schedule."  Accordingly, the court granted the plaintiff's request for a permanent injunction ordering his removal from the EES.  This appeal followed.

II.     <u>Analysis</u>

The issue is whether in this case, as a matter of law, the plaintiff's arrest and guilty plea to a first-offense DWI charge is potentially exculpatory for purposes of the EES.  RSA 105:13-d, I, provides that the New Hampshire Department of Justice "may voluntarily maintain" an EES which "shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence."  RSA 105:13-d, I; <u>see</u> <u>N.H. Ctr. for Pub. Interest Journalism v. N.H. Dep't of Justice</u>, 173 N.H. 648, 651 (2020) (explaining that the EES is "a list of police officers who have

engaged in misconduct reflecting negatively on their credibility or trustworthiness").

On appeal, the AGO "does not quarrel with the notion that the plaintiff's DWI conviction will not need to be disclosed to the defense in many or even most cases." But, the AGO asserts, because "it is possible that the plaintiff's DWI conviction may need to be disclosed in a future case, the conviction itself is 'potentially exculpatory' and the plaintiff's placement on the EES is proper under RSA 105:13-d, I."

We recently determined that, "within the context of RSA 105:13-d, 'potentially exculpatory evidence' is evidence, including impeachment evidence, that is reasonably capable of being material to guilt or to punishment." Doe v. N.H. Attorney Gen. (Activity Logs), 176 N.H. ___, ___ (2024), 2024 N.H. 50, ¶18. Although we noted that "the question of whether evidence is appropriate for inclusion on the EES is separate from the question of whether that evidence would be admissible in a criminal proceeding," we explained that "considerations made to determine the admissibility of evidence, such as the age of the conduct and its materiality to an officer's general credibility, should factor into the determination of whether information in an officer's personnel file warrants his or her inclusion on the EES." Id. at ___, 2024 N.H. 50, ¶20. "If there is no reasonably foreseeable case in which 'potentially exculpatory evidence' relating to an officer's conduct would be admissible," an officer's inclusion on the EES is not warranted. Id. at ___, 2024 N.H. 50, ¶20.

The trial court's decision here preceded our articulation of the applicable standard in Doe. Nonetheless, its reasoning is consistent with that standard. The court found that it was "hard pressed to envision a circumstance under which Plaintiff's DWI conviction could be relevant or admissible at any trial." As the court reasoned, "[w]hile a DWI generally reflects poor judgment in the moment on Plaintiff's part, it bears no relation to the performance of his duties as a police officer let alone his credibility," and "bears no potential relevance to a defendant's guilt, nor would it serve as a basis to impeach the officer's credibility." We agree. Because, under the circumstances presented, there is no reasonably foreseeable case in which the plaintiff's off-duty, first-offense DWI charge would be admissible, we determine that, as a matter of law, the plaintiff's inclusion on the EES is not warranted.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**